UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL

      Plaintiff,

v.                                             Case No. 11-10034

WEST ASSET MANAGEMENT, INC.,

      Defendant.
                                               /

**OPINION AND ORDER
GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

On April 6, 2011, Plaintiff Rochelle Daniel filed her third amended complaint against Defendant West Asset Management, Inc. Among its twenty-two counts, the complaint asserts fourteen counts of violating the Telephone Consumer Protection Act ("TCPA") by placing automated and prerecorded telephone calls to Plaintiff's residential landline for the purpose of debt collection. On April 20, 2011, Defendant filed a motion for partial dismissal for failure to state a claim upon which relief can be granted, arguing the FTCA prohibition on automated and prerecorded telephone calls is inapplicable to calls regarding debt collection. Plaintiff responded on May 17, 2011, and Defendant replied on May 31, 2011. Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Defendant's motion and dismiss Counts I–XIV of the Complaint.

**I. STANDARD**

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff

and accept all the factual allegations as true. *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 466 (6th Cir. 2000)). Although a heightened fact pleading of specifics is not required, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Though decidedly generous, this standard of review does require more than the bare assertion of legal conclusions.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) *abrogated on other grounds by Twombly*, 550 U.S. 544. In application, a "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citation omitted). Therefore, "to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief

above the speculative level and to state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citations and internal quotation omitted).  Despite these requirements, a court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's well-pled factual allegations.  *Twombly*, 550 U.S. at 556.

## II.  DISCUSSION

In moving for partial dismissal, Defendant challenges only the legal adequacy of Plaintiff's claims under the TCPA.  Assuming, *arguendo*, that Plaintiff has stated a prima facie claim under 42 U.S.C. § 227, Defendant argues that the alleged telephone calls are covered by exemptions in 47 C.F.R. § 64.1200.  In relevant part, the TCPA states that "[i]t shall be unlawful . . . to initiate any telephone call to any residential telephone line . . . using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call . . . is exempted by rule or order by the [Federal Communications] Commission under paragraph (2)(B)."  42 U.S.C. § 227(b)(1)(B).  Paragraph (2)(B) of the same subsection delegates authority to implement regulations and to exempt calls that are either not commercial in nature or that are commercial but do not affect the privacy rights of telephone consumers and do not transmit "unsolicited advertisements."  42 U.S.C. § 227(b)(2)(B).  The Federal Communications Commissions has adopted regulations pursuant to § 227(b)(2)(B), including two exemptions relevant to Plaintiff's TCPA claims.  First, §227(b)(1)(B) imposes no liability for a prerecorded call if it "[i]s made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute telephone solicitation."  47 C.F.R. § 64.1200(a)(2)(iii).  Second, §227(b)(1)(B) imposes no liability

3

for a prerecorded call if it "[i]s made to any person with whom the caller has an established business relationship at the time the call is made." 47 C.F.R. § 64.1200(a)(2)(iv). Both exceptions apply to the conduct alleged in Counts I-XIV of Plaintiff's complaint.

Viewing the facts alleged in the complaint in a light most favorable to Plaintiff, Defendant made fourteen automated telephone calls to Plaintiff for a commercial purpose and without Plaintiff's consent. Even with such facts, however, Defendant is not liable under the TCPA because the calls fall within the two exceptions listed above. Prerecorded telephone calls made for the purpose of debt collection have consistently been found to fit both exemptions for calls not containing "unsolicited advertisement or constitute telephone solicitation" and for calls made to a recipient "with whom the caller has an established business relationship." *E.g.*, *Pugliese v. Professional Recovery Service, Inc.*, No. 09-12262, 2010 WL 2632562, at *7 (E.D. Mich. June 29, 2010); *Meadows v. Franklin Collection Service, Inc.*, No. 10-13474, 2011 WL 479997, at *4 (11th Cir. Feb. 11, 2011); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 FCC Rcd. 8752, 8773 (1992). Plaintiff's contentions that the debt was not properly owing and that Defendant was not properly authorized by the nonparty claiming a right to collect the debt are immaterial to the analysis under the TCPA. Because Defendant's calls were for debt collection purposes, they are exempted from liability under § 227(b)(1)(B). Therefore, the court will grant Defendant's motion to dismiss Plaintiff's FTCA claims.

### III.  CONCLUSION

IT IS ORDERED that Defendant's motion for partial dismissal [Dkt. # 16] is GRANTED. Counts I–XIV of Plaintiff's complaint are DISMISSED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: June 14, 2011

I hereby certify that a copy of the foregoing document was mailed to **Rochelle Daniel** and counsel of record on this date, June 14, 2011, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522