**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROCHELLE DANIEL

       Plaintiff,

v.                                                              Case No. 11-10034

WEST ASSET MANAGEMENT, INC.,

       Defendant.
       _____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pending before the court is Plaintiff Rochelle Daniel's motion for reconsideration of the June 14, 2011, order dismissing fourteen counts of her third amended complaint. On April 6, 2011, Plaintiff filed her third amended complaint against Defendant West Asset Management, Inc. Among its twenty-two counts, the complaint asserted fourteen counts of violating the Telephone Consumer Protection Act ("TCPA") by placing automated and prerecorded telephone calls to Plaintiff's residential landline for the purpose of debt collection. On April 20, 2011, Defendant filed a motion for partial dismissal for failure to state a claim upon which relief can be granted, arguing the TCPA prohibition on automated and prerecorded telephone calls is inapplicable to calls regarding debt collection. On June 14, 2011, the court granted Defendant's motion for partial dismissal. Plaintiff filed the instant motion for reconsideration on June 24, 2011. Having reviewed the motion and brief, the court concludes that a response and hearing are unnecessary. *See* E.D. Mich. LR 7.1(h)(2). For the reasons stated below, the court will deny Plaintiff's motion.

## I. STANDARD

Eastern District of Michigan Local Rule 7.1 provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II. DISCUSSION

Plaintiff moves for reconsideration on the ground that she revoked consent, thereby terminating her previous business relationship with the creditor on whose behalf Defendant claimed it placed the prerecorded calls. However, this affects only one of the two exceptions upon which Defendant's motion was granted. Even without the "established business relationship" exemption in 47 C.F.R. § 64.1200(a)(2)(iv), Defendant's actions were still exempted as not containing an "unsolicited advertisement or constitute telephone solicitation" pursuant to 47 C.F.R. § 64.1200(a)(2)(iii).

This fundamental bar to Plaintiff's recovery cannot be corrected through simple amendment of her complaint. Even were the court to permit Plaintiff to file a fourth amended complaint, it would not cure the defect. Plaintiff proposes to allege that her

creditor never assigned collection of the debt to Defendant.  Even accepting that as true, Defendant's telephone calls do not suddenly become advertisements or solicitations.  They would remain attempts at debt collection, albeit unwarranted.  Therefore, the court will not allow another amendment of Plaintiff's complaint at this time.

Finally, Plaintiff notes that she does not use a "landline" telephone, instead using internet telephony.  Although the import of this fact is unclear, it may be designed to suggest the court analyzed her complaint under inapplicable regulations.  To the extent Defendant's prerecorded calls were not made to a "residential telephone line," they are not actionable under 47 U.S.C. § 227(b)(1)(B), regardless of any exemptions.  However, there is no indication that the internet telephony service is a "paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call" under 47 U.S.C. § 227(b)(1)(A)(iii).  Regardless of the subsection under which Plaintiff asserts her dismissed claims, they are insufficient.  Therefore, Plaintiff has failed to show any "palpable defect" in the court's previous order.

### III.  CONCLUSION

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 22] is DENIED.

      s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  July 27, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 27, 2011, by electronic and/or ordinary mail.

3

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522