UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,

                Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.,

                Defendant.

Civil Action No.:
11-cv-10034-RHC-MJH

## WEST ASSET MANAGEMENT, INC.'s
## MOTION FOR SUMMARY JUDGMENT

NOW INTO COURT, through undersigned counsel, comes defendant, West Asset Management, Inc. ("WAM"), and submits this Motion for Summary Judgment pursuant to FED. R. CIV. P. 56. As more fully set forth in the attached memorandum and supporting documents, there is no genuine issue of material fact in dispute, and Plaintiff's claims and causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and defamation laws fail as a matter of law.

WHEREFORE, considering the premises and attached supporting memorandum, the Court should grant WAM's Motion for Summary Judgment and dismiss all of Plaintiff's remaining claims asserted in the above-numbered and captioned matter (Counts XV-XXII).

Dated: August 3, 2011

Respectfully Submitted,

/s/ Justin H. Homes
Justin H. Homes – PHV (La. Bar No. 24460)
**SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.**
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana 70002-7227
Telephone: (504) 828-3700

1

Facsimile: (504) 828-3737
jhomes@sessions-law.biz

-and-

/s/ Deborah A. Lujan
Deborah A. Lujan
**COLLINS EINHORN FARREL & ULANOFF, PC**
4000 Town Ctr., Ste. 909
Southfield, MI 48075
(248) 355-4141
Email: Deborah.lujan@ceflawyers.com

Attorneys for West Asset Management, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of August 2011, a copy of the foregoing was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. I further certify that a copy of the foregoing was also delivered electronically to plaintiff Rochelle Daniel via email at millicentdaniel@yahoo.com.

/s/ Deborah A. Lujan
Attorney for West Asset Management, Inc.

\\sfnfs02\prolawdocs\7989\7989-27223\Daniel, Rochelle (Pro Se)\501197.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,

                Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.,

                Defendant.

Civil Action No.:
11-cv-10034-RHC-MJH

## WEST ASSET MANAGEMENT, INC.'s MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant, West Asset Management, Inc. ("WAM"), submits this memorandum in support of its Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 (Docket Entry No. 27).

## I. STATEMENT OF ISSUES PRESENTED

Whether summary judgment should be rendered in favor of WAM dismissing all of *pro se* Plaintiff Rochelle Daniel's claims asserted under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq.*, and defamation laws.

## II. AUTHORITY FOR RELIEF SOUGHT

Federal Rule of Civil Procedure 56.

## III. SUMMARY OF ARGUMENT

Plaintiff's FDCPA claims fail for at least *3* reasons. ***First***, as to Count XV, Plaintiff failed to timely request validation of the subject debt in writing to WAM, and so WAM was never under any FDCPA duty to obtain and provide validation documents as alleged. ***Second***,

1

as to Count XVI, WAM's attempts to contact plaintiff by telephone constitute a legitimate effort to collect the subject debt, and there is no evidence that the calls at issue were made in an attempt to harass, oppress or abuse Plaintiff in violation of the Act.  ***Third***, as to Count XVII, the undisputed facts confirm WAM notified Plaintiff of her rights to dispute the debt consistent with the Act and did not advise Plaintiff that she must dispute her debt only in writing.

Plaintiff's FCRA claims fail for at least ***2*** reasons.  ***First***, as to Counts XVIII and XVIIII [sic], XX, and XXI, the FCRA does not provide a private remedy against a furnisher of consumer credit information, like WAM, for failing to notify a consumer of impending credit reporting, or for failing to provide accurate information to any credit reporting agency under the facts alleged, or for failing to investigate the accuracy of reported information in response to a consumer's dispute to the furnisher, or for failing to provide updated information to any credit reporting agency in response to a consumer's dispute to the furnisher concerning the accuracy of the reported information.  ***Second***, as to Counts XX and XXI, while the 6th Circuit may recognize a private cause of action against a furnisher when the furnisher fails to investigate and report the results of such investigation in response to a dispute from a credit reporting agency, there is no evidence that any credit reporting agency ever disputed the accuracy of WAM's reporting of the subject debt.

Finally, Plaintiff's defamation claim (Count XXII) fails because that claim is pre-empted by the FCRA.

### IV. PROCEDURAL HISTORY AND UNDERLYING FACTS

This case involves Plaintiff's claims that WAM (acting as a debt collector) violated state and federal laws in its attempt to collect a consumer debt from Plaintiff.

On January 4, 2011, Plaintiff filed her original Complaint against WAM.  *See* Docket Entry No. 1.  Plaintiff alleges that on or about April 1, 2009, she ordered internet service with AT&T.  *Id.* at p. 1.  Within approximately 3 weeks, Plaintiff claims she terminated the service and returned the related equipment to AT&T.  *Id.*  Not long after, Plaintiff contends she received a series of collection letters, the first two from AT&T, a third from the Southwest Credit collection agency, and a fourth from WAM on November 27, 2009.  *Id.* at p. 2.  Plaintiff alleges she twice called and spoke with WAM representatives on the day she received WAM's letter. *Id.*  She first called WAM to advise she had returned to AT&T the equipment on the subject account, and she called back a second time to verbally dispute the debt and request debt validation.  *Id.*  She further contended in the original Complaint that WAM called her residential telephone line 14 times thereafter in alleged violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.  *Id.* at pp. 3-6.

On March 2, 2011, Plaintiff filed her First Amended Complaint.  *See* Docket Entry No. 9. The First Amended Complaint asserted the same 14 Counts originally pled under the TCPA, plus 2 additional Counts for alleged violations of the FDCPA.

On March 21, 2011, Plaintiff filed her Second Amended Complaint against WAM.  *See* Docket Entry No. 11.  In addition to restating her TCPA claims and modifying slightly her FDCPA claims, the Second Amended Complaint added new counts for alleged violations of the FCRA.  *Id.* at pp. 3-7.

On April 6, 2011, Plaintiff filed her Third Amended Complaint against WAM.  *See* Docket Entry No. 14.[1]  The Third Amended Complaint essentially repeats the TCPA, FDCPA and FCRA claims previously pled, although 2 counts asserted under the FCRA appear to have

---

[1] Plaintiff's Third Amended Complaint was incorrectly styled and filed in the record as a second "Second Amended Complaint."  *See* Docket No. 14.  WAM refers to that filing in this brief as the "Third Amended Complaint."

been deleted.   Compare Second Amended Complaint at Counts XXII-XXIII with Third Amended Complaint.   The Third Amended Complaint also included a defamation claim purportedly arising from WAM's credit reporting of the subject AT&T account.

Plaintiff's FDCPA claims, as amended, assert WAM violated the FDCPA by (1) failing to validate the subject debt as purportedly required by § 1692g(b), (2) continuing to call and annoy her in alleged violation of § 1692d(5); and (3) instructing plaintiff to submit her dispute of the debt in writing in alleged violation of § 1692g.  *Id.* at pp. 3-6.

Plaintiff's FCRA claims, as amended, center on WAM's alleged conduct as a furnisher of consumer credit information under that Act.   Plaintiff contends WAM violated the FCRA by (1) failing to inform her that negative information had been or soon would be reported to a credit reporting agency; (2) failing to provide a credit reporting agency with accurate information about Plaintiff and/or the subject debt; (3) failing to "reinvestigate" the accuracy of consumer credit information WAM had reported to credit reporting agencies; and (4) failing to report the results of such "reinvestigation" to credit reporting agencies.  *Id.* at pp. 3, 6-7.

On April 20, 2011, WAM moved to dismiss Plaintiff's TCPA claims (Counts I-XIIII [sic]).  *See* Docket Entry No. 16.   On June 14, 2011, this Court granted WAM's motion and dismissed all of Plaintiff's TCPA claims with prejudice.  *See* Docket Entry No. 20.   On June 24, 2011, Plaintiff moved for reconsideration of that ruling.  *See* Docket Entry No. 22.   That motion was denied on July 27, 2011.  *See* Docket Entry No. 26.

On June 23, 2011, WAM answered the Third Amended Complaint denying all liability. *See* Docket Entry No. 21.

4

## V. LAW AND ARGUMENT

**A.**   ***Rule 56 Standard***

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).  The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Oswald v. BAE Industries, Inc.* 2010 WL 3907119, * 1 (E.D. Mich. Sept. 30, 2010), quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987).

"Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Copeland*, 57 F.3d at 478. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Id*. at 479.

"In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003); *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  "However, the court is not bound to blindly adopt a non-moving party's version of the facts. 'When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.'"  *York v. Forest View*

*Psychiatric Hosp.*, 2011 WL 1792301, * 2 (W.D. Mich. Apr. 19, 2011), quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**     ***Judgment Should Be Granted Dismissing Plaintiff's FDCPA Claims.***

> **1.**     ***WAM Cannot Be Liable under § 1692g for Failing to Provide Validation Because Plaintiff Did Not Timely Request Validation in Writing.***

WAM assumes for purposes of this motion only that Plaintiff is a "consumer" as defined by § 1692a(3), that she incurred a "debt" as defined by § 1692a(5), that WAM was a "debt collector" as defined by § 1692a(6), and that WAM's conduct in the collection of the subject debt that is at issue in this litigation is governed by the FDCPA.

The FDCPA establishes, among other things, a framework by which consumers may demand validation or verification of the debt from the collection agency seeking repayment. Section 1692g provides, in relevant part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> * * *
>
> (4)     a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;

15 U.S.C. § 1692g(a).

> If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b) (emphasis added).

Thus, "[u]nder section 1692g(b) a consumer must dispute a debt in writing, within an initial thirty-day period, in order to trigger a debt validation process." *Brady v. Credit Recovery Co., Inc.*, 160 F.3d 64 (1st Cir. 1998). "A debt collector's statutory duty to verify the debt does not arise unless and until the debtor disputes the debt in writing." *Bicking v. Law Offices of Rubenstein and Cogan*, 2011 WL 1740156, * 3 (E.D. Va. May 5, 2011), citing *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F.Supp.2d 200, 207 (E.D. N.Y. 2009). *See also, Lipa v. Asset Acceptance, LLC*, 572 F.Supp.2d 841, 854 (E.D. Mich. 2008) (The language in section 1629g(b) "makes clear the rule that the consumer's rights (to validation of the debt) and the collector's responsibilities (to validate the debt and cease collection activities) are not triggered unless the consumer files a request for validation within thirty days of receiving notice of the debt.").

Here, it is undisputed that WAM sent Plaintiff an initial collection letter, and that Plaintiff actually received it. *See* Third Amended Complaint at p. 2 (Docket Entry No. 14). That letter was sent within 5 days of placement of the account with WAM and was therefore timely pursuant to § 1692g. *See* Affidavit of Jill Jensen, at ¶¶ 5-6, Exhibit A. The letter contained the validation rights notice language required by 15 U.S.C. § 1692g. *See* WAM's November 16, 2009 letter to Plaintiff attached as Exhibit A-2 to the J. Jensen Affidavit, Exhibit A, and discussed in Section V.B.3 of this memorandum, below. Ignoring the explicit instructions contained within that letter and FDCPA law regarding the proper manner for requesting debt verification in writing, Plaintiff instead requested verification of the debt during a phone conversation with a WAM representative. *See* Third Amended Complaint at p. 2 (Docket Entry No. 14). In other words, Plaintiff did *not* request in writing within the 30-day statutory period or

anytime thereafter that WAM verify the subject debt. *Id.; see also*, J. Jensen Affidavit, at ¶ 12, Exhibit A.

As illustrated by the foregoing, Plaintiff could not have triggered WAM's verification obligations under § 1692g by verbally requesting validation within the 30-day statutory period, and, consequently, WAM was never under any § 1692g obligation to provide plaintiff with verification documents (or cease collection activities pending verification).[2]    Accordingly, Plaintiff's FDCPA claim for failing to provide validation pursuant to § 1692g must be rejected on the undisputed facts and applicable law.

> ### 2.    *WAM Did Not Harass, Oppress Or Abuse Plaintiff By Calling Her.*

Section § 1692d prohibits a debt collector from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and the statute lists as an example of such conduct "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5).  Plaintiff carries the burden of establishing that WAM's calls in this case ran afoul of § 1692d(5).  *See Kerwin v. Remittance Assistance Corp.*, 559 F.Supp.2d 1117, 1124 (D. Nev. 2008).

Except for alleging generally that WAM "continually called and annoyed Plaintiff," Plaintiff has offered no indication on the number of calls,[3] the time of the calls, the content of any conversations occurring during such calls, or any other information that might reveal a § 1692d violation.  Plaintiff does allege she initiated 2 conversations with WAM representatives

---

[2] See Smith v. Nationstar Mortg., LLC, 2011 WL 2357893, * 1 (E.D. Mich. Jun. 10, 2011).

[3] Aside from indicating she received 14 messages for purposes of her now dismissed TCPA claims, the Third Amended Complaint is silent as to the exact number of calls Plaintiff claims occurred which she claims were "annoying."

the same day and in response to the letter she received from WAM on November 27, 2010, but she does not allege that WAM's representatives behaved improperly during those 2 calls. *See* Third Amended Complaint, at p. 2 (Docket Entry No. 14).

WAM's investigation reveals the following: beginning on November 14, 2009 and continuing through March 26, 2010 (a span of 132 days or approximately 4 and a half months), WAM's records reflect it called Plaintiff 67 times, or, on average, about one call every couple of days. *See* J. Jensen Affidavit at ¶ 11, Exhibit A. None of the calls were placed before 8:00 a.m. or after 8:00 p.m. *Id*. WAM never immediately called back after having spoken with or ended a prior call with the Plaintiff. *Id*. Indeed, Plaintiff never answered any of WAM's calls or returned any of WAM's voice messages.[4] *Id.*

"[A] debt collector does not necessarily engage in harassment by placing one or two unanswered calls a day in an unsuccessful effort to reach the debtor, if this effort is unaccompanied by any oppressive conduct such as threatening messages. *Millsap v. CCB Credit Services, Inc.*, 2008 WL 8511691, * 7 (E.D. Mich. Sept. 30, 2008), citing *Udell v. Kansas Counselors, Inc.*, 313 F.Supp.2d 1135, 1143–44 (D. Kan. 2004). "The determination whether a debt collector's phone calls amount to 'actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.'" *Id.*, citing *Akalwadi v. Risk Management Alternatives, Inc.*, 336 F.Supp.2d 492, 505 (D. Md. 2004); *see also, Pugliese v. Professional Recovery Service, Inc.*, 2010 WL 2632562, * 9 (E.D. Mich. Jun. 29, 2010).

Plaintiff cannot point to any circumstances that might reveal harassment or oppressive conduct in WAM's calling campaign. Beyond her bare allegation of "annoyance," Plaintiff has not identified any instance in which WAM immediately called her back after she terminated a

---

[4] As noted, Plaintiff alleges she spoke to WAM twice on November 27, 2009, but that was in response to the initial collection letter she received from WAM, and not in response to any of WAM's phone calls.

conversation.  Nor has she alleged WAM was abusive or harassing during either of the 2 conversations she had with WAM on November 27, 2009.  Nor has she pointed to anything else about the timing or pattern of WAM's calls that would suggest anything other than a legitimate effort to collect her debt.

The mere fact that Plaintiff verbally disputed owing the debt during a November 27, 2009 conversation does not transform WAM's otherwise legitimate, but persistent, collection calls into harassment.  *See, e.g., Pugliese*, 2010 2632562 at p. 7 ("Although Plaintiff alleges that she requested Defendant to stop calling her, she did not send Defendant a cease and desist letter, dispute the amount owed, or provide evidence that Defendant has acted in a manner that would be actionable as harassment, oppression or abuse.").

Plaintiff's mere reliance on the number of calls (which is not specified in her Third Amended Complaint but which WAM's records reveal total 67 over the course of 4 and a half months), is also insufficient to establish § 1692d(5) liability.  As the court in *Martin v. Select Portfolio Serving Holding Corp.*, 2008 WL 618788, * 6-7 (S.D. Ohio Mar. 3 2008) explained: "[A]ny call from a debt collector may be presumed unwelcome, but that alone is insufficient to constitute a violation of the FDCPA."  Thus, this Court has previously held that 350 calls over an eight month period (or, on average, more than once a day) without other evidence of intentional harassment or abuse could not amount to a § 1692d violation, *see Pugliese*, 2010 2632562 at p. 10, and that 22 calls in a month did not give rise to a genuine issue of material fact sufficient to defeat the defendants summary judgment motion.  *Saltzman v. I.C. Sys., Inc.*, 2009 WL 3190359, 6-7 (E.D. Mich. Sept. 30 2009).   In fact, the significant disparity between the number of calls WAM placed (67) and the number of actual conversations with her (2) suggests the difficulty of reaching Plaintiff, rather than an intent to harass.  *See, e.g., Millsap*, 2008 WL 8511691 at p. 7.

In summary, Plaintiff has not and can not satisfy her burden of proving WAM's phone calls constitute "conduct the natural consequence of which is to harass, oppress, or abuse [her] in connection with the collection of a debt." Accordingly, WAM is entitled to summary judgment rejecting Plaintiff's § 1692d claim as a matter of law.

**3.**    ***WAM's Representations Regarding The Manner In Which Plaintiff Could Dispute The Subject Debt Were Proper.***

Plaintiff contends WAM violated § 1692g "when notice requiring a written dispute of the debt" was given to her.  *See* Third Amended Complaint, at p. 6 (Docket Entry No. 14).  It is unclear whether Plaintiff's complaints in that respect center on the language found in the initial collection letter she received from WAM on November 27, 2009, or upon representations purportedly made by WAM during her phone conversations with WAM representatives that same day wherein she was reportedly told she "could not dispute over the phone and that [she] would have to dispute in writing per the collection notice letter."  *Id.* at p. 2.

If Plaintiff's complaints concern WAM's initial collection letter, they are completely without basis.  Regarding Plaintiff's right and manner of disputing the debt, WAM's letter stated, as follows:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

*See* WAM's November 16, 2009 letter to Plaintiff attached as Exhibit A-2 to the J. Jensen Affidavit, Exhibit A.  Whether WAM's validation notice complies with the Act is a legal determination that can be made by a court on motion for summary judgment.  *See, e.g., Greco v.*

*Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir. 2005) (finding as a matter of law that a collection letter satisfied § 1692g validation notice requirements).

WAM's letter is consistent with § 1692g and recognizes verbal and written disputes can be lodged with a debt collector with different resulting effects and repercussions. Section 1692g(a) requires the following statements be included in a written notice sent to a consumer within 5 days of an initial written communication with the consumer:

> (3)    A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4)    A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5)    A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a)(3)-(5).

The subject validation notice adheres to § 1692g requirements and has been explicitly and tacitly approved in other cases.  *See, e.g., Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 95 (2d Cir. 2008); *McStay v. I.C. Systems, Inc.*, 308 F.3d 188 (2d Cir. 2002); *Stoffer v. Nationwide Recovery Systems, Inc.*, 2007 WL 1175073 (E.D. N.Y. 2007); *Jackson v. Immediate Credit Recovery, Inc.*, 2006 WL 3453180 (E.D. N.Y. 2006); *Brewer v. Portfolio Recovery Associates*, 2007 WL 3025077 (W.D. Ky. Oct. 15, 2007).  As such, Plaintiff was properly notified by the November 16, 2009, letter that she could dispute the debt [pursuant to § 1692g(a)(3)], but that if she intended her dispute to trigger a debt verification requirement or cessation of collection activities, then the dispute would have to be in writing [pursuant to §

12

1692g(a)(4)].   Thus, to the extent Plaintiff's § 1692g claim arises out of the language in the November 16, 2009, letter, the claim must be rejected on the undisputed facts and as a matter of law.

To the extent Plaintiff contends she was led to believe in either of 2 phone conversations with WAM that her dispute could only be given or accepted in writing, that contention cannot be supported by the undisputed facts.   Immediately after Plaintiff's conversation with a WAM representative on November 27, 2009, WAM documented its records to note Plaintiff disputed owing the debt.[5]   *See* J.Jensen Affidavit at ¶ 8, Exhibit A.   Moreover, when WAM for the first time furnished information about the delinquent debt to consumer credit agencies on December 17, 2009, WAM reported the debt as disputed.   *Id*. at ¶ 9.   That fact is thoroughly corroborated by an excerpt of Plaintiff's credit report that she attached as Exhibit 2 to the Third Amended Complaint, containing the following notation: "Account in dispute–reported by subscriber ...." *See* Third Amended Complaint (Docket Entry No. 14).

Accordingly, Plaintiff cannot show a genuine issue that WAM improperly required she dispute the debt only in writing, and Plaintiff's § 1692g claim in this respect should be dismissed as a matter of law.

**C.**      ***Judgment Should Be Granted Dismissing Plaintiff's FCRA Claims.***

As noted, Plaintiff contends WAM violated § 1681s-2 of the FCRA in a number of respects:

- Plaintiff alleges in Count XVIII that WAM "failed to inform Plaintiff about negative information which has been or is about to be placed on Plaintiff's credit report within

---

[5] Of course, her verbal dispute was not sufficient to cease further collection activity.   See Smith, 2011 WL 12357893 at * 1; Wielicki v. HMC Group, 2009 WL 2496642 (N.D. Ohio Aug. 13, 2009); "Ongoing contact with a debt holder is permitted unless that debt holder informs the debt collector *in writing* that he wishes to cease further communications. 15 U.S.C. § 1692c(c) (emphasis added); § 1692g(b)." Sembler v. Attention Funding Trust, 2009 WL 2883049, * 3 (E.D. N.Y. Sept. 3, 2009).

13

30 days," presumably in purported violation of § 1681s-2(a)(5) which requires notice be provided to consumers in connection with furnishing credit reporting information to credit reporting agencies.

- Plaintiff alleges in Count XVIIII [sic] that WAM "failed to provide complete and accurate information to Experian about Plaintiff," presumably in purported violation of § 1681s-2(a)(1) which prohibits furnishers from providing inaccurate information to consumer reporting agencies.

- Plaintiff alleges in Count XX that WAM "failed to reinvestigate disputed information within 30 days," presumably in purported violation of § 1681s-2(a)(8)(E)(i) which imposes certain investigation duties on furnishers following receipt directly from a consumer regarding the accuracy of reported information, or alternatively in alleged violation of § 1681s-2(b)(1)(A), which imposes certain investigation duties on furnishers following notice from a credit reporting agency of a consumer's dispute to that credit reporting agency regarding the accuracy of reported information.

- Plaintiff alleges in Count XXI that WAM "failed to report the results of the investigation," presumably in purported violation of §§ 1681s-2(a)(8)(E) and/or 1681s-2(b)(1)(C) which imposes certain reporting duties on furnishers following an investigation of a consumer's dispute.

None of Plaintiff's claims for alleged violation under §§ 1681s-2(a) or (b) of the FCRA are viable.

14

**1.    *There is No Private Cause of Action For Alleged Violation Of § 1681s-2(a).***

Section § 1681s-2(c) of the FCRA specifically precludes civil liability for any failure to

comply with the provisions of § 1681s-2(a).   That section, entitled "Limitation on Liability,"

plainly provides, in relevant part:

> Except as provided in section 1681s(c)(1)(B) of this title [the civil liability for
> willfull and non-willful noncompliance provided in §§ 1681n and 1681o]  do not
> apply to any violation of–
>
> (1)     subsection (a) of this section, including any regulations issued thereunder ...

15 U.S.C. § 1681s-2(c).

"Subsection (c) eliminates the availability of direct remedies to consumers by making §§

15 U.S.C. 1681n and 1681o –the FCRA's broad provisions creating civil liability for willful and

negligent noncompliance respectively– inapplicable to violations of subsection (a)."  *Stafford v.*

*Cross Country Bank*, 262 F.Supp.2d 776, 782-783 (W.D. Ky. 2003).  In other words, one cannot

bring a private cause of action for any alleged violation of subsection (a).   *Id.*; *Girgis v.*

*Countrywide Home Loans, Inc.*, 773 F.Supp.2d 835, 849 (N.D. Ohio 2010), citing *Zamos v. Asset*

*Acceptance, LLC*, 423 F.Supp.2d 777, 787-88 (N.D. Ohio 2006); *see also, Pitstick Farms, Inc. v.*

*Sanders Sales and Service, Inc.*, 2005 WL 1151684, * 3 (S.D. Ohio May 16, 2005); *Aklagi v.*

*Nationscredit Financial Services Corp.*, 196 F.Supp.2d 1186, 1192 (D. Kan. 2002); *Hasvold v.*

*First USA Bank*, 194 F.Supp.2d 1228, 1231 (D. Wyo. 2002); *DiMezza v. First USA Bank, Inc.*,

103 F.Supp.2d 1296, 1299 (D. N.M. 2000). The requirements imposed by subsection (a) are only

enforceable by government officials.  *See* 15 U.S.C. § 1681s-2(d).

To the extent Plaintiff's claims asserted in Counts XVIII through XXI are brought for the

alleged violation of various provisions of § 1681s-2(a), those claims must be dismissed as a

15

matter of law because there is no private right of action against WAM for alleged violations of that section.

### 2.   *Plaintiff's Claims For Alleged Violation Of § 1681s-2(B) Are Not Viable.*

The Sixth Circuit has suggested that "a consumer may recover damages for a willful violation of 15 U.S.C. § 1681s-2(b)." *Bach v. First Union Nat. Bank*, 149 Fed.Appx. 354 (6th Cir. 2005). However, in order to succeed on a claim under that section of the FCRA, "the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Downs v. Clayton Homes, Inc.*, 88 Fed.Appx. 851, 853-54 (6th Cir. 2004); *see also, Girgis*, 773 F.Supp.2d at 849-50 (A furnisher's duties under 1681s-2(b) arise only after it has received notice of a dispute from a credit reporting agency.); *Stafford*, 262 F.Supp.2d at 784 (A furnisher has no responsibility to investigate a credit dispute until after the furnisher receives notice of the dispute form a consumer reporting agency.); *see also*, *Arnold v. GMAC, LLC*, 2008 WL 2783255, * 3 (W.D. Mich. Jul. 17, 2008).

Plaintiff has not pled sufficient facts to support a viable claim under § 1681s-2(b). She has not alleged that she ever lodged a dispute with any credit reporting agency regarding WAM's reporting of the subject AT&T debt. Third Amended Complaint (Docket Entry No. 14). Nor has she alleged WAM ever received notice of a dispute from any credit reporting agency regarding the accuracy of WAM's reporting of the subject account. *Id*.

Additionally, as established by the Affidavit of Jill Jensen, WAM was never notified by any credit reporting agency that Plaintiff disputed any aspect of WAM's credit reporting of the subject AT&T debt. *See* J.Jensen Affidavit, ¶ 10, Exhibit A. Contrary facts have not been alleged and cannot be proven. Accordingly, Plaintiff's claims asserted in Counts XVIII through

16

XXI for any alleged violation of § 1681s-2(b) must be dismissed as a matter of undisputed fact and law.

**D.**   ***Judgment Should Be Granted Dismissing Plaintiff's Defamation Claim.***

Plaintiff advances a defamation claim for WAM's alleged "credit report defamatory behavior." *See* Third Amended Complaint at Count XXII (Docket Entry No. 14). That claim is preempted by the FCRA and should be dismissed as a matter of law.

The FCRA provides, in pertinent part, that "[n]o requirement or prohibition may be imposed under the laws of any State ... with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies ...." 15 U.S.C. § 1681t(b)(1)(F). "Thus, a 'defamation claim' that 'stems directly from the allegedly inaccurate credit reporting by the Defendant' fits 'squarely within section 1681 s-2' and is preempted under section 1681t(b)(1)(F) of the FCRA." *Chungag v. Wells Fargo Bank*, 2011 WL 672229, * 5 (E.D. Mich. Feb. 17, 2011), quoting *Barkho v. Homecomings Financial*, LLC, 657 F.Supp.2d 857, 865 (E.D. Mich. 2009).

Plaintiff's defamation claim plainly arises out of the alleged improper reporting of consumer credit information to a credit bureau. As such, the claim fits squarely within § 1681s-2 of the FCRA and is thus preempted under § 1681t(b)(1)(F) of that Act. Accordingly, WAM is entitled to judgment in its favor dismissing Plaintiff's defamation claim (Count XXII).

## VI. CONCLUSION

Based upon the foregoing, the Court should grant this motion and render judgment in favor of West Asset Management, Inc., and against Plaintiff, dismissing all FDCPA, FCRA and defamation claims asserted in this action.

Dated: August 3, 2011

Respectfully Submitted,

/s/ Justin H. Homes
Justin H. Homes – PHV (La. Bar No. 24460)
**SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.**
3850 N. Causeway Blvd., Suite 200
Metairie, Louisiana  70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
jhomes@sessions-law.biz

-and-

/s/ Deborah A. Lujan
Deborah A. Lujan
**COLLINS EINHORN FARREL & ULANOFF, PC**
4000 Town Ctr., Ste. 909
Southfield, MI 48075
(248) 355-4141
Email: Deborah.lujan@ceflawyers.com

Attorneys for West Asset Management, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 3rd day of August 2011, a copy of the foregoing was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  I further certify that a copy of the foregoing was also delivered electronically to plaintiff Rochelle Daniel via email at millicentdaniel@yahoo.com.

/s/ Deborah A. Lujan
Attorney for West Asset Management, Inc.

\\sfnfs02\prolawdocs\7989\7989-27223\Daniel, Rochelle (Pro Se)\501198.doc

18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROCHELLE DANIEL,

                    Plaintiff,

v.

WEST ASSET MANAGEMENT, INC.,

                    Defendant.

Civil Action No.:
11-cv-10034-RHC-MJH

## AFFIDAVIT OF JILL JENSEN

STATE OF NEBRASKA

COUNTY OF DOUGLAS

Jill Jensen, being first duly sworn according to law, deposes and says that:

1.      I am Senior Vice President of the Performance Enhancement Group for West Asset Management, Inc. ("WAM").  I have been with the company for over 29 years and have held my current position since 2008.

2.      In my position as Senior Vice President of the Performance Enhancement Group, I have access to WAM's records of consumer collection accounts maintained in the ordinary course of business, including the account notes reflecting WAM's collection activities on such accounts, correspondence sent and received in connection with the collection of such accounts, and information sent to and received from consumer credit reporting agencies regarding such accounts.

3.      I am familiar with the allegations in the above-numbered and captioned matter and have reviewed WAM's records in preparation for giving this Affidavit.

1

**Exhibit A**

4.      I am authorized and competent to give this Affidavit.

5.      On or about November 12, 2009, AT&T placed an account in the name of Rochelle Daniel with WAM for collection (AT&T Account Number ending 1549) (the "Account"). A true and correct copy of WAM's notes regarding the collection of the Account is attached as Exhibit A-1.

6.      On or about November 16, 2009, WAM authored and sent initial correspondence to Plaintiff in connection with the Account. A reproduced copy of the November 16, 2009 letter is attached as Exhibit A-2.

7.      WAM's records reflect 2 conversations on November 27, 2009, with an individual identifying herself as Rochelle Daniel. *See* Exhibit A-1.

8.      On November 27, 2009, WAM documented its records to note Plaintiff disputed owing the debt. *See* Exhibit A-1.

9.      The first time WAM furnished any information about the Account to any consumer credit agency was on or about December 17, 2009. At that time, WAM reported the debt as disputed by Plaintiff.

10.     WAM was never notified by any credit reporting agency that Plaintiff disputed any aspect of WAM's credit reporting of the Account.

11.     From November 14, 2009 through March 26, 2010, WAM's records reflect it called Plaintiff 67 times. *See* Exhibit A-1. None of WAM's calls were placed before 8:00 a.m. or after 8:00 p.m. *Id.* None of WAM's calls were placed immediately after having spoken with or ended a prior call with the Plaintiff. *Id.* Plaintiff never answered any of WAM's calls or returned any of WAM's voice messages. *Id.*

2

12.     WAM never received any writing from Plaintiff requesting verification of the Account.

13.     On or about May 4, 2010, WAM closed the Account and returned it to the placing creditor.  WAM did not thereafter collect or attempt to collect the Account.

14.     On or about May 17, 2010, WAM requested the credit bureaus to which it regularly reports delete WAM's prior reporting of the subject Account from Plaintiff's consumer credit report.

FURTHER AFFIANT SAYETH NOT.

Dated this 2nd day of August 2011

_____
JILL JENSEN

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 2nd DAY OF AUGUST 2011.

_____
NOTARY PUBLIC



\\sfnfs02\prolawdocs\7989\7989-27223\Daniel, Rochelle (Pro Se)\501203.doc

GENERAL NOTARY - State of Nebraska
JULIE FREEMAN
My Comm. Exp. Oct. 26, 2014

3

██████1549

```
02/22/11                              West Asset Management
2:56 PM  QSH      PAGE 1                    SELECTED
```

------------------------------------------------------------------------

```
STATUS            Acct:███1549   Disposition:9000 CANCEL           Wait: 02/22/11

DEBTOR            Name:DANIEL ROCHELLE          Ssn:          Cbr:
Ph:██████6444B
                  Adr1:███████       POE:              Lgl:  POE Ph:
                  City:              Cty:              Canc:CLT Born:
                    St:    Zip:██      St:     Zip:     COF:      Sal:

                  Clnt:SBCM2P AT&T, FORT WORTH TX, ██████8850      Org:     79.67
                  List:11/12/09 Srv:05/16/09 Ltrs:2   Time:35  Calls:78  Con:12  Bal:  29.68

PREVIOUS ADDRESS .  sys 11/13/09  9:23P

                    DEN 05/11/10  4:23P        ████████████████
```

```
Co-Maker's Previous Address
Spouse's Previous Address
MULTIPLE ACCOUNTS
RM# Acct     Name / Client     Chk# / Lst  Srv      Lpy  Col Disp     Bal     Check Reason
    Drivers License #           LI4    AIN    CC      ATY    MS1       PJI
    PRN      INT     LI3
1   ███1549* DANIEL,ROCHELLE
    ██████8850/SBCM2P/AT&T      11/12/09 05/16/09          0 9000     29.68
    29.68    0.00    0.00      0.00    0.00    0.00   0.00    0.00   0.00
```

```
REFERENCES        █████████        POS  ████████████████████████
INSURANCE INFORMATION
             Financial Class:
             ***** Primary *****           ***** Secondary *****
                  Carrier:
                  Insured:
                 Employer:
            Policy Number:
             Group Number:
           Effective Date:
```

```
DILIGENCE HISTORY
                              Page 1
```

**Exhibit A-1**

```
                                        ████1549
     Current Cy/St:
          Contract:  Current Base Date: Last Bad Adr Date:
     Prior Base Date:                   Last Adr Chg Date:
     Orig Base Date:                    Last Payment Date:
No Clt Com History


 U
  02/22/11                                West Asset Management
   2:56 PM  QSH        PAGE 2
DILIGENCE FUTURE ACTIONS                        SELECTED
No Clt Com Future Actions


POE HISTORY WINDOW

No POE History


PAYMENT BREAKDOWN      RM# Acct     Typ  Refno              Date   Amount/Split  Client
                           PRN      INT  LI3      LI4       AIN      CC   ATY    MSI    PJI
                       1   ███1549* CRJ           0.00      03/08/10      49.99         SBCM2P
                           49.99    0.00  0.00    0.00      0.00    0.00  0.00   0.00   0.00


WORKED ACCOUNTS        DATE MMDDYY   :22211
                       COLLECTOR ID  :ANC/ANC
                       LETTER OR PHONE :EML/EML
                       CLIENT CONTACT :
                       CONTACT NUM   :

SBC                    SRV ADD1      :████████
                       SRV ADD2      :
                       SRV ADD3      :                       SIF PERCENT    :75%
                       REFFERD DATE  :                       PHONE 1 TYPE   :O
                       PAY DATE      :                       PHONE 2 TYPE   :N
                       FINIAL BILL   :79.67                  TOLL1          :
                       AMOUNT DUE    :79.67                  TOLL2          :
                       PAY AMOUNT    :0.00                   TOLL3          :
                       LANGUAGE INDI :                       SERVICE STATE  :M
                       CUST CREDIT   :NONE
                       CUST CREDIT 2 :
                       ATT RECALL    :DO NOT POST A PAYMENT

SBC EXTENED            CHECK DIGIT   :1                      TREAT HISTORY
:000000000000
                       DATE OF INSTALL :0904                 DIS CHK HIST
:000000000000
                       DISCO REASON  :NF                     OTHER CHGS
:00000000
                                        Page 2
```

```
                                              ▮▮1549
                        LIFE LINE IND   :N                          TOLL CHGS
:0000220µ
                        DENI CHGS       :0.00                       WHITE PG CHGS
:0000000
                        NON DENI CHGS   :0.00                       YELLOW PG CHGS
:000000000
                        N DENI N REG    :79.67                      CREDIT VER DTE
:0904
                        CLASS OF SERV   :MZR                        CUST CC         :850
                        ACCT GROUP      :2                          CLOSE BY CLIENT
:05/04/2010
                        ZBU             :CS                         OCA CUR DUE DTE :
                        NEW CREDIT INFO :
                        OCA CUR DUE BAL :
                        OCA PST DUE BAL :

SBC PAY HISTORY         PAY1            :                           PAY4            :
                        PAY TYPE1       :                           PAY TYPE4       :
                        PAY AMT1        :0.00                       PAY AMT4
:0.00
▯
  02/22/11                                     West Asset Management
                        PAGE 3
  2:56 PM  QSH                                        SELECTED
                        PAY2            :                           PAY5            :
                        PAY TYPE2       :                           PAY TYPE5       :
                        PAY AMT2        :0.00                       PAY AMT5
:0.00
                        PAY3            :                           PAY6            :
                        PAY TYPE        :                           PAY TYPE6       :
                        PAY AMT3        :0.00                       PAY AMT6
:0.00

SBC3                    DISCO REASON    :No Further Use
                                                                   LEXNEX BK NOHIT :
                        OASIS EX TRIGGR :Y                         LEXNEX BK HIT   :
                        OASIS EX DATE   :02/22/2011
                        OASIS RESND PHN :
                        OASIS RESND ACC :
                        OASIS RESND CUS :
                        OASIS RESND AMT :04/21/2010
                        ACCOUNT FILE    :05/05/2010
                        CUSTOMER FILE   :05/12/2010                SBC AUDIT DATE  :
                        AMOUNT FILE     :05/05/2010                SBC AUDIT FILE  :

SPRINT INFO 1           NRX LOT ID      :                          LST PAY DTE     :
                        DEBT TYP CDE    :                          LST PAY AMT     :
                        COMM RATE       :                          PLACE DATE      :
                        STE ANN PER RTE :                          PLACE AMT       :
                        RECALL DTE      :                          ECA AMT         :
                        REL TO CONSMR   :                          DBTR TYP CODE   :
                                              Page 3
```

```
                                    ████1549
                    REL TO ACCT      :                        SRVC AREA      :
                    CHG OFF RSN      :                        DRIVERS LIC    :
                    RECON FLG        :
                    ACK FLAG         :1                       LTR NUM RETURNED:
                    SCANLINE         :

AIG ADDTL RETURN D  SCORE FIELD 1    :11/14/2009              SCORE FIELD 12 :
                    SCORE FIELD 2    :                        SCORE FIELD 13 :
                    SCORE FIELD 3    :                        SCORE FIELD 14 :
                    SCORE FIELD 4    :                        SCORE FIELD 15 :
                    SCORE FIELD 5    :                        SCORE FIELD 16 :
                    SCORE FIELD 6    :                        SCORE FIELD 17 :
                    SCORE FIELD 7    :                        SCORE FIELD 18 :
                    SCORE FIELD 8    :                        SCORE FIELD 19 :
                    SCORE FIELD 9    :                        SCORE FIELD 20 :
                    SCORE FIELD 10   :
                    SCORE FIELD 11   :

FIRST DATA          FDR ZIP4 SENT    :11/13/2009              FDR PHONE       :
                    FDR ZIP4 RCVD    :11/13/2009              PHONE APP SENT  :
                                                              PHONE APP RCVD  :
                    FDR NCOA RCVD    :                        PHONE APP HIT   :
                                                              PHONE APP NOHIT :
                    FD PREM PH SENT  :                        FD PREM PHONE 1 :
D                   FD PREM PH RCVD  :                        FD PREM PHONE 2 :
  02/22/11                                    West Asset Management
                    PAGE 4
  2:56 PM  QSH                                       SELECTED
                    FD PREM PH HIT   :                        FD PREM PHONE 3 :
                    FD PRM PH NOHIT  :

AIG SCORE           DOLLAR RATING    :                        AIG SENT DTE    :
                    DOLLAR SCORE     :                        AIG RETURN DTE
:11/14/2009
                    COLLCTN RATN     :C1                      CLOSE OR KEEP   :
                    COLLCTN SCORE    :0.1841235402            KEEP OR CLOSE   :
                    SPECIAL SCORE    :
                    SPEC SCR DSC     :                        TRIGGER DATE
:04/15/2010
                    LIQUDATN RATING  :                        REGULAR SNT DTE
:11/14/2009
                    LIQUDTN SCORE    :                        RETRO SENT DTE
:04/16/2010
                    BALANCE SCORED   :79.67
                    DECILE MARK      :5
                    DECILE SCORE     :7                       RERUN           :

PMI                 PM DOLLAR RATNG  :                        PMI SENT DTE    :
                    PM DOLLAR SCORE  :                        PMI RETURN DTE  :
                    PM COLLCTN RATN  :
```

███1549

```
                        PM COLLCTN SCOR :
                        PM SPECIAL SCOR :
                        PM SPEC SCR DSC :NO SPEC SCR PRESENT              TEMP DTE TRIGER :
                        LIQUDATN RATING :
                        LIQUIDATN SCORE :
                        BALANCE SCORED  :

PAYMENT ADVANTAGE       OORIG MAM SENT  :11/14/2009                      MAM SEND TRIG
:04/30/2010
                        UPDATED MAM SNT :05/05/2010
                        REMOVAL MAM SNT :05/05/2010
                        OTP MIN PAY AMT :5.00
                        FEE             :0.00

IVR Information         Last Step Desc  :Completed Leaving Answering Machine Message
                        Step Number     :3                              Entered AcctNUM :
                        Date Of Call    :03/18/10                       Entered SSN     :
                        Time Of Call    :11:36:25                       Entered Zip     :
                        IVR Line        :242                            PTP Amount
:0.00
                        Call Status     :COM                            PTP Date        :
                        Call Duration   :00:00:57                       PTP Frequency   :
                        Transfer Ext    :7547                           Agreed To Pay   :
                        Script Number   :6507                           Entered Phone NUM:
                        Script Desc     :TEX: AT&T RPC                  Caller ID
:  ███6444
                        LETTER SNT DATE :                               Original DNIS
:6507

IVR Information         Last Step Desc  :Completed Leaving Answering Machine Message
                        Step Number     :3                              Entered AcctNUM :
                        Date Of Call    :03/15/10                       Entered SSN     :
                        Time Of Call    :16:59:44                       Entered Zip     :
                        IVR Line        :314                            PTP Amount
:0.00
                        Call Status     :COM                            PTP Date        :
                        Call Duration   :00:00:57                       PTP Frequency   :
□
   02/22/11                                            West Asset Management
                        PAGE 5                                SELECTED
   2:56 PM  QSH
                        Transfer Ext    :7547                           Agreed To Pay   :
                        Script Number   :6507                           Entered Phone NUM:
:  ███6444              Script Desc     :TEX: AT&T RPC                  Caller ID
:6507                   LETTER SNT DATE :                               Original DNIS

IVR Information         Last Step Desc  :Completed Leaving Answering Machine Message
                        Step Number     :3                              Entered AcctNUM :
                        Date Of Call    :03/12/10                       Entered SSN     :
```

```
                                        ███1549
                    Time Of Call    :09:51:29              Entered Zip    :
                    IVR Line        :314                   PTP Amount
    :0.00
                    Call Status     :COM                   PTP Date       :
                    Call Duration   :00:00:57              PTP Frequency  :
                    Transfer Ext    :7547                  Agreed To Pay  :
                    Script Number   :6507                  Entered Phone NUM:
                    Script Desc     :TEX: AT&T RPC         Caller ID
    :███6444
    :6507           LETTER SNT DATE :                      Original DNIS

    IVR Information Last Step Desc  :Completed Leaving Answering Machine Message
                    Step Number     :3                     Entered AcctNUM :
                    Date Of Call    :03/09/10              Entered SSN    :
                    Time Of Call    :14:05:46              Entered Zip    :
                    IVR Line        :253                   PTP Amount
    :0.00
                    Call Status     :COM                   PTP Date       :
                    Call Duration   :00:00:57              PTP Frequency  :
                    Transfer Ext    :7547                  Agreed To Pay  :
                    Script Number   :6507                  Entered Phone NUM:
                    Script Desc     :TEX: AT&T RPC         Caller ID
    :███6444
    :6507           LETTER SNT DATE :                      Original DNIS

    IVR Information Last Step Desc  :Detected a Live Voice
                    Step Number     :4                     Entered AcctNUM :
                    Date Of Call    :02/04/10              Entered SSN    :
                    Time Of Call    :17:38:38              Entered Zip    :
                    IVR Line        :125                   PTP Amount
    :0.00
                    Call Status     :COM                   PTP Date       :
                    Call Duration   :00:00:18              PTP Frequency  :
                    Transfer Ext    :7547                  Agreed To Pay  :
                    Script Number   :6507                  Entered Phone NUM:
                    Script Desc     :TEX: AT&T RPC         Caller ID
    :███6444
    :6507           LETTER SNT DATE :                      Original DNIS

    IVR Information Last Step Desc  :Completed Leaving Answering Machine Message
                    Step Number     :3                     Entered AcctNUM :
                    Date Of Call    :01/26/10              Entered SSN    :
                    Time Of Call    :19:10:26              Entered Zip    :
                    IVR Line        :101                   PTP Amount
    :0.00
                    Call Status     :COM                   PTP Date       :
                    Call Duration   :00:00:58              PTP Frequency  :
                    Transfer Ext    :7547                  Agreed To Pay  :
```

```
                    Script Number    :6507       ████1549
                                                                      Entered Phone NUM:
    □
      02/22/11                                          West Asset Management
      2:56 PM   QSH    PAGE 6                                SELECTED
:████6444        Script Desc     :TEX: AT&T RPC                       Caller ID

:6507            LETTER SNT DATE :                                    Original DNIS

IVR Information  Last Step Desc  :Completed Leaving Answering Machine Message
                 Step Number     :3                                  Entered AcctNUM :
                 Date Of Call    :01/11/10                            Entered SSN     :
                 Time Of Call    :17:53:55                            Entered Zip     :
                 IVR Line        :154                                 PTP Amount
:0.00
                 Call Status     :COM                                 PTP Date        :
                 Call Duration   :00:01:02                            PTP Frequency   :
                 Transfer Ext    :7547                                Agreed To Pay   :
                 Script Number   :6507                                Entered Phone NUM:
:████6444        Script Desc     :TEX: AT&T RPC                       Caller ID

:6507            LETTER SNT DATE :                                    Original DNIS

IVR Information  Last Step Desc  :Completed Leaving Answering Machine Message
                 Step Number     :3                                  Entered AcctNUM :
                 Date Of Call    :12/14/09                            Entered SSN     :
                 Time Of Call    :16:34:39                            Entered Zip     :
                 IVR Line        :160                                 PTP Amount
:0.00
                 Call Status     :COM                                 PTP Date        :
                 Call Duration   :00:01:00                            PTP Frequency   :
                 Transfer Ext    :7547                                Agreed To Pay   :
                 Script Number   :6507                                Entered Phone NUM:
:████6444        Script Desc     :TEX: AT&T RPC                       Caller ID

:6507            LETTER SNT DATE :                                    Original DNIS

IVR Information  Last Step Desc  :Completed Leaving Answering Machine Message
                 Step Number     :3                                  Entered AcctNUM :
                 Date Of Call    :12/10/09                            Entered SSN     :
                 Time Of Call    :19:36:29                            Entered Zip     :
                 IVR Line        :95                                  PTP Amount
:0.00
                 Call Status     :COM                                 PTP Date        :
                 Call Duration   :00:00:57                            PTP Frequency   :
                 Transfer Ext    :7547                                Agreed To Pay   :
                 Script Number   :6507                                Entered Phone NUM:
                 Script Desc     :TEX: AT&T RPC                       Caller ID
                                    Page 7
```

▆▆1549

```
:▆▆▆▆6444                                                                              Original DNIS
:6507               LETTER SNT DATE :

IVR Information     Last Step Desc  :Completed Leaving Answering Machine Message
                    Step Number     :3                              Entered AcctNUM :
                    Date Of Call    :12/07/09                       Entered SSN     :
                    Time Of Call    :18:37:40                       Entered Zip     :
                    IVR Line        :164                            PTP Amount
:0.00
                    Call Status     :COM                            PTP Date        :
                    Call Duration   :00:01:02                       PTP Frequency   :
                    Transfer Ext    :7547                           Agreed To Pay   :
                    Script Number   :6507                           Entered Phone NUM:
                    Script Desc     :TEX: AT&T RPC                  Caller ID
:▆▆▆▆6444                                                                              Original DNIS
:6507               LETTER SNT DATE :
0
    02/22/11                                     West Asset Management
    2:56 PM  QSH    PAGE 7                            SELECTED

IVR Information     Last Step Desc  :
                    Step Number     :                              Entered AcctNUM :
                    Date Of Call    :                              Entered SSN     :
                    Time Of Call    :                              Entered Zip     :
                    IVR Line        :                              PTP Amount      :
                    Call Status     :                              PTP Date        :
                    Call Duration   :                              PTP Frequency   :
                    Transfer Ext    :                              Agreed To Pay   :
                    Script Number   :                              Entered Phone NUM:
                    Script Desc     :                              Caller ID       :
                    LETTER SNT DATE :                              Original DNIS   :

IVR CC/CK Informat                                                 Address Chg Flg :
                    Card Type       :                              Addr Msg File   :
                    CC Number       :                              Phone Chg Flg   :
                    CC Expire Month :                              New Phne NUM    :
                    CC Expire Year  :                              Spanish Flg     :N
                    Check ABA NUM   :
                                                                   Req Stmnt Flg   :
                    Check Number    :                              Req SIF Flg     :
                    Message File    :                              Req PIF Flg     :
                    Payment Method  :                              Com Pay Arr Flg :
                    Comp Pay Method :                              Settlement Flg  :
                    Comp Acct Info  :                              IVR Call Date
:<<IVHDTI>>
                    RPC Flag        :N
                    Unverified Cont :N
                    Hold For RPC    :N
```

████1549

```
                Comp Ans Mach   :Y
                RCP Unavailable :N
                Ans Mach Det    :1
                GC Pool         :0402
                Call Off Hold   :N
                Recall Flag     :N
                Print Of Last S :<<IVHSTEP>>

IVR CC/CK Informat                                          Address Chg Flg :
                Card Type       :                           Addr Msg File   :
                CC Number       :                           Phone Chg Flg   :
                CC Expire Month :                           New Phne NUM    :
                CC Expire Year  :                           Spanish Flg     :N
                Check ABA NUM   :

                Check Number    :                           Req Stmnt Flg   :
                Message File    :                           Req SIF Flg     :
                Payment Method  :                           Req PIF Flg     :
                Comp Pay Method :                           Com Pay Arr Flg :
                Comp Acct Info  :                           Settlement Flg  :
:<<IVHDTI>>                                                 IVR Call Date

                RPC Flag        :N
                Unverified Cont :N
□
   02/22/11                                  West Asset Management

   2:56 PM  QSH    PAGE 8                            SELECTED

                Hold For RPC    :N
                Comp Ans Mach   :N
                RCP Unavailable :N
                Ans Mach Det    :0
                GC Pool         :0470
                Call Off Hold   :N
                Recall Flag     :N
                Print Of Last S :<<IVHSTEP>>

IVR CC/CK Informat                                          Address Chg Flg :
                Card Type       :                           Addr Msg File   :
                CC Number       :                           Phone Chg Flg   :
                CC Expire Month :                           New Phne NUM    :
                CC Expire Year  :                           Spanish Flg     :N
                Check ABA NUM   :

                Check Number    :                           Req Stmnt Flg   :
                Message File    :                           Req SIF Flg     :
                Payment Method  :                           Req PIF Flg     :
                Comp Pay Method :                           Com Pay Arr Flg :
                Comp Acct Info  :                           Settlement Flg  :
:<<IVHDTI>>                                                 IVR Call Date   :

                RPC Flag        :N
                Unverified Cont :N
```

■1549

```
Hold For RPC      :N
Comp Ans Mach     :Y
RCP Unavailable   :N
Ans Mach Det      :1
GC Pool           :0470
Call Off Hold     :N
Recall Flag       :N
Print Of Last S   :<<IVHSTEP>>
```

IVR CC/CK Informat

```
Card Type         :                          Address Chg Flg :
CC Number         :                          Addr Msg File   :
CC Expire Month   :                          Phone Chg Flg   :
CC Expire Year    :                          New Phne NUM    :
Check ABA NUM     :                          Spanish Flg     :

Check Number      :                          Req Stmnt Flg   :
Message File      :                          Req SIF Flg     :
Payment Method    :                          Req PIF Flg     :
Comp Pay Method   :                          Com Pay Arr Flg :
Comp Acct Info    :                          Settlement Flg  :
:<<IVHDTI>>                                   IVR Call Date   :

RPC Flag          :
Unverified Cont   :
Hold For RPC      :
Comp Ans Mach     :
RCP Unavailable   :
Ans Mach Det      :
```

D
  02/22/11                              West Asset Management

    2:56 PM   QSH       PAGE 9                  SELECTED

```
                        GC Pool           :
                        Call Off Hold     :
                        Recall Flag       :
                        Print Of Last S   :<<IVHSTEP>>
```

STAMP INFORMATION    STOP LTR DATE    :                    CANCEL DATE
:02/22/2011

```
                     CTW OTHER STAMP :                     CAN REPORT DATE :
                     CTW DATE STAMP  :                     CAN DEL CBR     :
                     DISPO 3SPN      :                     ACC LOAD DATE   :
                     STATE STAMP     :23                   NB LD 3HSN STP  :
                     CLT BAL IN AGY  :                     AREACODE        :
                     CLT BAL RECIEVE :                     RYANS DTE STMP  :
                     PXL DATE STAMP  :                     KHO DATE STAMP  :
                     RSW DATE STAMP  :                     LETTER TYPE     :
                                                           LETTER DATE     :
                     SBCSTAMP        :                     LETTER CODE     :
                     KXH DATE STAMP  :
                                                           TOT PHN NUMBERS :1
```

██1549

```
                                                              BPC STAMP      :

LETTER INFO         LETTER 623         :              LETTER 627 ATL :
                    LETTER 600         :              LETTER 628 ATL :
                    LETTER 624         :              LETTER 631     :
                    LETTER 617         :              LETTER 640     :
                    LTR 623 SECOND     :              LETTER 650     :
                    LTR 624 SECOND     :              LETTER 660     :
                    LETTER 618         :              LETTER 632     :
                    LETTER 625         :              LETTER 635     :
                    LETTER 626         :              LTR 618 NCOSPR :
                    LETTER 619         :              REA STAMP      :
                    LETTER 616         :              BAD PHONE      :1
                    LTR 623 BY SCR     :              PPA UPGRADE    :
                    LTR 624 BY SCR     :              LTR 611 AUTO   :
                    LETTER 620         :              SND PL95 AGAIN :
                    LTR 622 SNT DTE    :
                    LTR 641 SENT       :              PL95 REQD AGAIN :
                    RE REQ LTR 618     :
                    CREDIT CARD 687    :
                                                      RNTMAIL DTE STA :
                                                      RNTMAIL         :
                                                      CANCL 9000 9999
:02/22/2011

NOTES                    JPK 11/13/09  4:17P NONE
                         JPK 11/13/09  4:21P Dbt phone# changed from ██████6444   to
███████6444
                         JPK 11/13/09  4:21P sys
                         JPK 11/13/09  4:21P lser #5
                         JPK 11/13/09  4:21P lr #641   1
                         JPK 11/13/09  4:21P Created a Link request using Service Type FDRTEX et
2999
                         JPK 11/13/09  4:21P index 1330823169 (A-████1549)
                         JPK 11/13/09  4:21P Updated udw 501,10 with lb MARKIT et 2999 index
1330823170
D
   02/22/11                               West Asset Management
                    PAGE 10
    2:56 PM  QSH                               SELECTED
                         JPK 11/13/09  4:21P (A-████1549)
                         JPK 11/13/09  4:21P 2999 DLC SERIES COMPLETE et 2999 index 1330823172
                         JPK 11/13/09  4:21P Debtor phone flag changed from  to *
                         JPK 11/13/09  4:22P FD (FDRTEX) Created skiptrace request for 'DEBTOR
WINDOW'
                         JPK 11/13/09  4:22P window 2 (TID #81886573).
WINDOW'                  JPK 11/13/09  9:23P FD (FDRTEX) Received skiptrace results for 'DEBTOR
                         JPK 11/13/09  9:23P window 2 (TID #81886573).
Address                  sys 11/13/09  9:23P Link Request -- Address Updated with Standardized
                                       Page 11
```

```
                                        █████1549
              sys 11/13/09  9:23P (FDRTEX) et RECFDR index 1330848038 (A-███1549)
              sys 11/13/09  9:23P Link Request -- Address not updated due to blank
address.
              sys 11/13/09  9:23P (FDRTEX) et RECFDR index 1330848039 (A-███1549)
              NJU 11/14/09  5:00  3000 BEGIN REG COLLECT sys
              gc  11/14/09  8:08  Res ██████6444 Det Ans Mch - Msg Left (6501)
              gc  11/14/09  8:08  3GDN GOOD NUMBERAnswering Machine
              NJU 11/15/09  4:53  Transferred to collector 0 et RTECLX index 1330951724
              NJU 11/15/09  4:53        (R-███1549)
              RSW 11/16/09 10:21  Is #641
              436 11/17/09  1:06P (gc) Res ██████6444
              436 11/17/09  1:06P DB NA
              436 11/17/09  1:06P WRONG NUMBER/NIS
              436 11/17/09  1:06P WRONG NUMBER/NIS
              436 11/17/09  1:06P Debtor phone flag changed from * to B
              436 11/17/09  1:07P PREDICTIVE CALL - NOT RIGHT PARTY (conts)
              436 11/17/09  1:07P 3SKP SKIP ACCOUNTS
              NJU 11/18/09  4:33  3SNF SKIP NOT FOUND et s8B index 1331967827
              NJU 11/18/09  4:33  Transferred to collector et s8B index 1331967829
              NJU 11/18/09  4:33        (R-███1549)
              NJU 11/20/09  6:50  Set assignment parameters to ,,0,0 et TERMCLN index
              NJU 11/20/09  6:50  1332598595 (A-███1549)
              NJU 11/24/09  6:25  Set assignment parameters to ,,0,0 et TERMCLN index
              NJU 11/24/09  6:25  1333655060 (A-███1549)
              NJU 11/25/09  6:43  Set assignment parameters to ,,0,0 et TERMCLN index
              NJU 11/25/09  6:43  1334386817 (A-███1549)
              NJU 11/26/09  6:34  Set assignment parameters to ,,0,0 et TERMCLN index
              NJU 11/26/09  6:34  1335103515 (A-███1549)
              NJU 11/27/09  6:43  Set assignment parameters to ,,0,0 et TERMCLN index
              NJU 11/27/09  6:43  1335756806 (A-███1549)
              404 11/27/09 12:11P IBC TT DB, ID SELF, COMP, CLNT, GFD ** Gave
Mini-Miranda
              404 11/27/09 12:11P disclosure **
              404 11/27/09 12:12P SAID THIS DEBT IS FOR EQUIPMENT THAT SHE RETURNED
BACK
              404 11/27/09 12:12P IN....DISPUTING THE BILL....
              404 11/27/09 12:12P Disputed flag changed from '' to 'D'
              404 11/27/09 12:12P INBOUND CALL - RIGHT PARTY CONTACT (conts)
              404 11/27/09 12:12P 3GDN GOOD NUMBER
              404 11/27/09 12:13P (gc) Inbound call from ██████6444
              404 11/27/09 12:13P Debtor phone flag changed from B to
              404 11/27/09 12:13P Dbt phone# changed from ██████6444 B to
██████6444
              428 11/27/09 12:17P TT DB, ID SELF, COMP, CLNT, GFD ** Gave Mini-Miranda
              428 11/27/09 12:17P disclosure **
              428 11/27/09 12:18P GOT A LETTER FROM US REGARDING THE ACCNT .. SHE SPOKE
TO
D
```

02/22/11                                        West Asset Management
                        PAGE 11
  2:56 PM  QSH                                        SELECTED
                               Page 12

```
                                    ████1549
                          428 11/27/09 12:18P GE COL ABOUT THE ACCNT .. SAID SHE DID NOT OWE THE
AMOUNT
                          428 11/27/09 12:19P .. CAUSE THEY RETRUN THE EQUIPMENT SHE WAS PLACE BACK
                          428 11/27/09 12:21P SHE WAS DISPUTED THE CHARGES WITH THE OTHER AGENCY
                          428 11/27/09 12:21P AND THEY CEASE ...
                          428 11/27/09 12:24P WILL DISPUTE THE ACCNT BY PHONE ..
                          428 11/27/09 12:27P TLD DB SHE IS REQUIRED TO SEND IN A WRITTEN REQUEST
THAT
                          428 11/27/09 12:27P WE WILL DOCU HER ACCNT AS BEING DISPUTE BUT AS FAR AS
IB
                          428 11/27/09 12:27P OR VALIDATION HAS TO COME IN WRITNG FROM HER .. DB
WAS
                          428 11/27/09 12:27P UPSET SAID IF WE PUT ON HER CREDIT REPORT SHE WOULD
SUE US
                          428 11/27/09 12:28P EXPLAIN IF IT GOES ON CREDIT REPORT IT WOUD BE
REPORTED AS
                          428 11/27/09 12:28P  DISPUTE ... TERM CALL
                          428 11/27/09 12:28P PREDICTIVE CALL - RIGHT PARTY CONTACT (conts)
                          428 11/27/09 12:28P 3GDN GOOD NUMBER
                          NJU 12/01/09  6:44  Set assignment parameters to ,,0,0 et TERMCLN index
                          NJU 12/01/09  6:44  1337351589 (A-████1549)
                          NJU 12/02/09  6:51  Set assignment parameters to ,,0,0 et TERMCLN index
                          NJU 12/02/09  6:51  1338051489 (A-██1549)
                          gc  12/04/09  8:58  Res ████████6444 Det Ans Mch - No Msg Lft
                          gc  12/07/09  6:37P Res ████████6444 Det Ans Mch - Msg Lft (6501)
                          gc  12/07/09  6:37P 3GDN GOOD NUMBERAnswering Machine
                          IVR 12/07/09  6:38P IVR CONTACT (conts)
                          IVR 12/07/09  6:38P IVR Description Completed Leaving Answering Machine
Message
                          IVR 12/07/09  6:38P et IVROUTB index 1339131487
                          IVR 12/07/09  6:38P Changed wait date to 12/10/09 et IVROUTB index
1339131488
                          IVR 12/07/09  6:38P (R-████1549)
                          gc  12/10/09 11:08  Res ████1549) 6444 Det Ans Mch - No Msg Lft
                          gc  12/10/09  3:09P Res ████████6444 Det Ans Mch - No Msg Lft
                          gc  12/10/09  7:36P Res ████████6444 Det Ans Mch - Msg Lft (6501)
                          gc  12/10/09  7:36P 3GDN GOOD NUMBERAnswering Machine
                          IVR 12/10/09  7:37P IVR CONTACT (conts)
                          IVR 12/10/09  7:37P IVR Description Completed Leaving Answering Machine
Message
                          IVR 12/10/09  7:37P et IVROUTB index 1339749525
                          IVR 12/10/09  7:37P Changed wait date to 12/13/09 et IVROUTB index
1339749526
                          IVR 12/10/09  7:37P (R-████1549)
                          gc  12/14/09  4:34P Res ████████6444 Det Ans Mch - Msg Lft (6501)
                          gc  12/14/09  4:34P 3GDN GOOD NUMBERAnswering Machine
                          IVR 12/14/09  4:35P IVR CONTACT (conts)
                          IVR 12/14/09  4:35P IVR Description Completed Leaving Answering Machine
Message
                          IVR 12/14/09  4:35P et IVROUTB index 1340248710
                          IVR 12/14/09  4:35P Changed wait date to 12/17/09 et IVROUTB index
                                             Page 13
```

```
                              ████1549
1340248712
              IVR 12/14/09  4:35P (R-█████1549)
              gc  12/17/09 12:11P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  12/17/09  4:12P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  12/18/09 11:56  Res ███████6444 Det Ans Mch - No Msg Lft
              gc  12/18/09 11:56  3GDN GOOD NUMBER
              gc  12/21/09  6:40P Res ███████6444 Det Ans Mch - Msg Left (6501)
              gc  12/21/09  6:40P 3GDN GOOD NUMBERAnswering Machine
              gc  12/24/09 11:04  Res ███████6444 Det Ans Mch - No Msg Lft
              gc  12/29/09  1:34P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  12/30/09 11:48  Res ███████6444 Det Ans Mch - No Msg Lft (6501)
0
  02/22/11                              West Asset Management
                   PAGE 12
  2:56 PM  QSH                                   SELECTED
              gc  12/30/09 11:48  3GDN GOOD NUMBERAnswering Machine
              gc  01/04/10  4:07P Res ███████6444 Det Ans Mch -No Msg Lft
              gc  01/05/10  4:41P Res ███████6444 Det Ans Mch - No Msg Left
              gc  01/06/10 10:59  Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/06/10  3:00P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/07/10  2:28P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/08/10 12:55P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/11/10  5:53P Res ███████6444 Det Ans Mch - Msg Lft (6501)
              gc  01/11/10  5:53P 3GDN GOOD NUMBERAnswering Machine
              IVR 01/11/10  5:54P IVR CONTACT (conts)
              IVR 01/11/10  5:54P IVR Description Completed Leaving Answering Machine
Message
              IVR 01/11/10  5:54P et IVROUTB index 1345270244
              IVR 01/11/10  5:54P Changed wait date to 01/14/10 et IVROUTB index
1345270245
              IVR 01/11/10  5:54P (R-████1549)
              gc  01/14/10 10:23  Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/14/10  3:28P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/15/10 11:57  Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/15/10 11:57  3GDN GOOD NUMBER
              gc  01/18/10  6:52P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/19/10  4:01P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/20/10 11:35  Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/20/10  3:35P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/21/10  1:14P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/21/10  1:14P 3GDN GOOD NUMBER
              gc  01/22/10 12:51P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/22/10  4:52P Res ███████6444 Det Ans Mch - No Msg Lft
              gc  01/25/10  5:15P Res ███████6444 Det Ans Mch - No Msg Left
              gc  01/26/10  7:10P Res ███████6444 Det Ans Mch - Msg Left (6501)
              gc  01/26/10  7:10P 3GDN GOOD NUMBERAnswering Machine
              IVR 01/26/10  7:11P IVR CONTACT (conts)
              IVR 01/26/10  7:11P IVR Description Completed Leaving Answering Machine
Message
              IVR 01/26/10  7:11P et IVROUTB index 1347708540
              IVR 01/26/10  7:11P Changed wait date to 01/29/10 et IVROUTB index
                                   Page 14
```

```
                                    ███1549
1347708541
            IVR 01/26/10  7:11P (R-███1549)
            gc  01/29/10 10:58  Res        6444 Det Ans Mch ~ No Msg Lft
            gc  02/01/10  7:03P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/03/10  9:38  Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/03/10  1:52P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/03/10  6:11P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/03/10  6:11P 3GDN GOOD NUMBER
            gc  02/04/10  1:20P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/04/10  5:38P Res ███████6444 Unattended Msg Left (6503) or IVR OB
call
            gc  02/04/10  5:38P (6507)
            gc  02/04/10  5:38P 3GDN GOOD NUMBER gc unatt. msg.
            IVR 02/04/10  5:38P IVR CONTACT (conts)
            IVR 02/04/10  5:38P IVR Description Detected a Live Voice et IVROUTB
index
            IVR 02/04/10  5:38P 1349633581
            IVR 02/04/10  5:38P Changed wait date to 02/07/10 et IVROUTB index
1349633582
            IVR 02/04/10  5:38P (R-███1549)
            gc  02/09/10  1:29P Res ███████6444 Det Ans Mch ~ No Msg Lft
0
  02/22/11                              West Asset Management
                     PAGE 13
  2:56 PM  QSH                                SELECTED
            gc  02/10/10  3:18P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/10/10  7:18P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/11/10  2:56P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/15/10  7:05P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/17/10 11:28  Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/17/10  4:23P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/18/10  4:01P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/19/10  3:01P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  02/25/10  4:51P Res ███████6444 Det Ans Mch ~ No Msg Left
            gc  03/03/10  4:39P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  03/04/10  6:00P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  03/04/10  6:55P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  03/04/10  7:04P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  03/04/10  7:04P 3GDN GOOD NUMBER
            gc  03/05/10  3:16P Res ███████6444 Det Ans Mch ~ No Msg Lft
            gc  03/09/10  2:05P Res ███████6444 Det Ans Mch ~ Left Msg (6501)
            gc  03/09/10  2:05P 3GDN GOOD NUMBERAnswering Machine
            IVR 03/09/10  2:06P IVR CONTACT (conts)
            IVR 03/09/10  2:06P IVR Description Completed Leaving Answering Machine
Message
            IVR 03/09/10  2:06P et IVROUTB index 1354613693
            IVR 03/09/10  2:06P Changed wait date to 03/12/10 et IVROUTB index
1354613694
            IVR 03/09/10  2:06P (R-███1549)
            gc  03/12/10  9:51  Res ███████6444 Det Ans Mch ~ Left Msg (6501)
            gc  03/12/10  9:51  3GDN GOOD NUMBERAnswering Machine
                                    Page 15
```

```
                                     ██1549
        IVR 03/12/10  9:52   IVR CONTACT (conts)
        IVR 03/12/10  9:52   IVR Description Completed Leaving Answering Machine
Message
        IVR 03/12/10  9:52   et IVROUTB index 1355086212
        IVR 03/12/10  9:52   Changed wait date to 03/15/10 et IVROUTB index
1355086214
        IVR 03/12/10  9:52   (R-██1549)
        gc  03/15/10  4:59P  Res ██6444 Det Ans Mch - Left Msg (6501)
        gc  03/15/10  4:59P  3GDN GOOD NUMBERAnswering Machine
        gc  03/15/10  5:00P  IVR CONTACT (conts)
        IVR 03/15/10  5:00P  IVR Description Completed Leaving Answering Machine
Message
        IVR 03/15/10  5:00P  et IVROUTB index 1355342115
        IVR 03/15/10  5:00P  Changed wait date to 03/18/10 et IVROUTB index
1355342116
        IVR 03/15/10  5:00P  (R-██1549)
        gc  03/18/10 11:36   Res ██6444 Det Ans Mch - Left Msg (6501)
        gc  03/18/10 11:36   3GDN GOOD NUMBERAnswering Machine
        IVR 03/18/10 11:37   IVR CONTACT (conts)
        IVR 03/18/10 11:37   IVR Description Completed Leaving Answering Machine
Message
        IVR 03/18/10 11:37   et IVROUTB index 1355841485
        IVR 03/18/10 11:37   Changed wait date to 03/21/10 et IVROUTB index
1355841486
        IVR 03/18/10 11:37   (R-██1549)
        gc  03/22/10  1:53P  Res ██6444 Det Ans Mch - No Msg Left
        gc  03/23/10  2:32P  Res ██6444 Det Ans Mch - No Msg Left
        gc  03/23/10  7:28P  Res ██6444 Det Ans Mch - No Msg Left
        gc  03/24/10  9:40   Res ██6444 Det Ans Mch - No Msg Left
        gc  03/24/10  6:05P  Res ██6444 Det Ans Mch - No Msg Left
        gc  03/25/10  9:57   Res ██6444 Det Ans Mch - No Msg Left
        gc  03/26/10  8:58   Res ██6444 Det Ans Mch - No Msg Left
 ▯
  02/22/11                          West Asset Management
            PAGE 14
  2:56 PM  QSH                        SELECTED
        gc  03/26/10  2:18P  Res ██         Triple Tone
        gc  03/26/10  2:18P  Debtor phone flag changed from   to B
        NJU 03/27/10  3:29  ·3RNT SKIP RNT NO HIT et PHNBAD3 index 1357039397
        NJU 03/27/10  7:59   3SKP SKIP ACCOUNTS et 3RNT index 1357063689
        NJU 03/28/10  4:30   3SNF SKIP NOT FOUND et s8B index 1357111274
        NJU 03/28/10  4:30   Transferred to collector 0 et s8B index 1357111276
        NJU 03/28/10  4:30   (R-██1549)
        JPK 05/04/10  3:20P  Updated udw 358,4 with  et ATTSTAMP index 1364238277
        JPK 05/04/10  3:20P  (A-██1549)
        JPK 05/04/10  3:20P  SBC Requested this account to be canceled C
        JPK 05/04/10  3:20P  Untied account from route ██1549 enDI SBC
        JPK 05/04/10  3:20P  Changed wait date to 05/04/10 et sm9000 index
1364238278
        JPK 05/04/10  3:20P  (R-██1549)
        JPK 05/04/10  3:20P  Updated udw 880,12 with  et sm9000 index 1364238279
                                   Page 16
```

```
                                      ████1549
              JPK 05/04/10  3:20P Updated udw 897,44 with  et sm9000 index 1364238280
              JPK 05/04/10  3:20P 9000 CANCEL enDI SBCC
              NJU 05/04/10  7:33P Stopped 0 letters et sm9999 index 1364425764
              NJU 05/04/10  7:33P Changed wait date to 05/04/10 et sm9999 index
1364425767
              NJU 05/04/10  7:33P (R-████1549)
              NJU 05/04/10  7:33P 9999 INACTIVE sys
              NJU 05/04/10  7:33P Cancel back principal 29.68
              KNH 05/11/10 10:15 Account accessed;No activity
              TJB 05/11/10 10:23 Scanned Image - Type: 'DBT' Subtype: 'CRT'
              TJB 05/11/10 10:24 PLACED ON THREAT LOG...TJB WAM
              MES 05/11/10  2:40P Viewed Image: 4908t3896.tif
              DEN 05/11/10  4:25P REC CERT ML COR FR CUST STS WAM VIOL FDCPA. CUST SNT
COPY
              DEN 05/11/10  4:25P OF DOC COLL CALLS. CUST DISP DBT FOR EQUIP.SNDG CUST
A NLP
              DEN 05/11/10  4:25P LTR
              DEN 05/11/10  4:25P lr #648  1
              PXL 05/12/10  9:13  ls #648  1
              QSH 02/04/11  2:06P Account accessed;No activity
              QSH 02/22/11 10:02  Account accessed;No activity
              QSH 02/22/11 10:02  Account accessed;No activity
              QSH 02/22/11 10:02  Account accessed;No activity
              QSH 02/22/11 10:05  Account accessed;No activity
              QSH 02/22/11 10:10  Account accessed;No activity
              ANC 02/22/11 10:10  Re-instated returned account.
              ANC 02/22/11 10:10  3SNF SKIP NOT FOUND sys transfer
              ANC 02/22/11 10:10  Updated udw 358,4 with  et ATTSTAMP index 1420619824
              ANC 02/22/11 10:10  (A-████1549)
              ANC 02/22/11 10:10  Phase change, et NBFL01 no longer applies
              ANC 02/22/11 10:10  Reinstated by the OAR system.
              ANC 02/22/11 10:11  ACCOUNT REVIEWED - NOT CALLED (conts)
              ANC 02/22/11 10:11  Changed wait date to 02/22/11 et sm9000 index
1420619827
              ANC 02/22/11 10:11  (R-████1549)
              ANC 02/22/11 10:11  Updated udw 880,12 with  et sm9000 index 1420619828
              ANC 02/22/11 10:11  (A-████1549)
              ANC 02/22/11 10:11  Updated udw 897,44 with  et sm9000 index 1420619829
              ANC 02/22/11 10:11  (A-████1549)
              ANC 02/22/11 10:11  9000 CANCEL
□
  02/22/11                                West Asset Management
              PAGE 15
  2:56 PM  QSH                               SELECTED
              ANC 02/22/11 10:11  9000 Can Desc: PER CLIENT'S REQUEST
              ANC 02/22/11 10:23  Account accessed;No activity
              ANC 02/22/11 10:26  FRWD COPY OF NOTES TO QUANNETTA IN LGL.
              ANC 02/22/11 10:27  LGL RECEIVED COMPLAINT.
              DEN 02/22/11 10:48  Account accessed;No activity
              ANC 02/22/11  2:49P SNT COPY OF NOTES TO LGL PREV THIS MORNING.
              ANC 02/22/11  2:55P REC EML F/LUANNE/LGL. ADV WEST'S OUTSIDE ATY WOULD
                                   Page 17
```

```
                              ▮1549
LIKE A
                ANC 02/22/11  2:55P PRINT OUT OF THE HISTORY THAT SHOWS DB INFO,
CREDITOR,
                ANC 02/22/11  2:56P ACNT # ETC. SNT SCREEN SHOT OF ACNT MAIN PAGE W/DB
INFO.
                ANC 02/22/11  2:56P CLT NAME AND ACNT #.
                QSH 02/22/11  2:56P Account accessed;No activity

CREDIT REPORTS
CREDIT REPORT FLAGS:   EQU= R   XPR= R   TU= R

ACCOUNT AUDIT NOTES     KXH 11/16/09 8:54 AM EQU Not Selected - Minimum days not met 31
                        KXH 11/16/09 8:54 AM TU Not Selected - Minimum days not met 31
                        KXH 11/16/09 8:54 AM XPR Not Selected - Minimum days not met 31
                        KXH 11/30/09 10:15 AM EQU Not Selected - Minimum days not met 31
                        KXH 11/30/09 10:15 AM TU Not Selected - Minimum days not met 31
                        KXH 11/30/09 10:15 AM XPR Not Selected - Minimum days not met 31
                        RSW 12/03/09 8:59 AM EQU Not Selected - Minimum days not met 31
                        RSW 12/03/09 8:59 AM TU Not Selected - Minimum days not met 31
                        RSW 12/03/09 8:59 AM XPR Not Selected - Minimum days not met 31
                        RSW 12/07/09 1:01 PM EQU Not Selected - Minimum days not met 31
                        RSW 12/07/09 1:01 PM TU Not Selected - Minimum days not met 31
                        RSW 12/07/09 1:01 PM XPR Not Selected - Minimum days not met 31
                        RSW 12/14/09 9:39 AM EQU Selected - No Metro 2 History file
                        RSW 12/14/09 9:39 AM TU Selected - No Metro 2 History file
                        RSW 12/14/09 9:39 AM XPR Selected - No Metro 2 History file
                        RSW 12/15/09 9:06 AM TU Written to Metro 2 tape
                        RSW 12/15/09 5:25 PM XPR Written to Metro 2 tape
                        RSW 12/17/09 9:35 AM XPR Updated activity thru 12/14/2009
                        RSW 12/17/09 10:10 AM TU Updated activity thru 12/14/2009
                        RSW 12/17/09 1:46 PM EQU Updated activity thru 12/14/2009
                        RSW 12/21/09 1:24 PM EQU Selected - Compliance Condition changed
                        RSW 12/21/09 1:24 PM TU Selected - Compliance Condition changed
                        RSW 12/21/09 1:24 PM XPR Selected - Compliance Condition changed
                        RSW 12/22/09 9:33 AM EQU Written to Metro 2 tape
                        RSW 12/22/09 10:13 AM XPR Written to Metro 2 tape
                        RSW 12/22/09 10:20 AM TU Written to Metro 2 tape
                        RSW 12/23/09 9:28 AM EQU Updated activity thru 12/21/2009
                        RSW 12/23/09 9:35 AM XPR Updated activity thru 12/21/2009
                        RSW 12/23/09 9:35 AM TU Updated activity thru 12/21/2009
                        KXH 03/12/10 1:36 PM EQU Selected - Balance changed
                        KXH 03/12/10 1:36 PM TU Selected - Balance changed
                        KXH 03/12/10 1:36 PM XPR Selected - Balance changed
                        KXH 03/15/10 7:51 AM XPR Written to Metro 2 tape
                        KXH 03/15/10 7:52 AM EQU Written to Metro 2 tape
                        KXH 03/15/10 7:53 AM TU Written to Metro 2 tape
```

```
 ▯
  02/22/11                              West Asset Management
              PAGE 16
   2:56 PM  QSH                            SELECTED
                        KXH 03/15/10 8:53 AM XPR Updated activity thru 03/12/2010
                              Page 18
```

███1549

```
KXH 03/15/10 8:55 AM TU Updated activity thru 03/12/2010
KXH 03/15/10 8:55 AM EQU Updated activity thru 03/12/2010
BPC 05/11/10 8:54 AM EQU Credit report flag changed from Y to D
BPC 05/11/10 8:54 AM EQU Selected - Canceled/returned
BPC 05/11/10 8:54 AM TU Credit report flag changed from Y to D
BPC 05/11/10 8:54 AM TU Selected - Canceled/returned
BPC 05/11/10 8:54 AM XPR Credit report flag changed from Y to D
BPC 05/11/10 8:54 AM XPR Selected - Canceled/returned
BPC 05/13/10 8:19 AM EQU Written to Metro 2 tape
BPC 05/13/10 8:19 AM TU Written to Metro 2 tape
BPC 05/17/10 11:17 AM XPR Selection file removed, credit report flag
reset
BPC 05/17/10 11:17 AM XPR Credit report flag changed from D to Y
BPC 05/17/10 11:23 AM TU Selection file removed, credit report flag reset
BPC 05/17/10 11:23 AM TU Credit report flag changed from D to Y
BPC 05/17/10 11:31 AM EQU Selection file removed, credit report flag
reset
BPC 05/17/10 11:31 AM EQU Credit report flag changed from D to Y
BPC 05/17/10 2:35 PM EQU Credit report flag changed from Y to D
BPC 05/17/10 2:35 PM EQU Selected - Canceled/returned
BPC 05/17/10 2:35 PM TU Credit report flag changed from Y to D
BPC 05/17/10 2:35 PM TU Selected - Canceled/returned
BPC 05/17/10 2:35 PM XPR Credit report flag changed from Y to D
BPC 05/17/10 2:35 PM XPR Selected - Canceled/returned
BPC 05/18/10 8:01 AM EQU Written to Metro 2 tape
BPC 05/18/10 8:02 AM TU Written to Metro 2 tape
BPC 05/25/10 8:18 AM XPR Credit report flag changed from D to R (upd)
BPC 05/25/10 8:18 AM XPR Updated activity thru 05/17/2010
BPC 05/25/10 8:27 AM TU Credit report flag changed from D to R (upd)
BPC 05/25/10 8:27 AM TU Updated activity thru 05/17/2010
BPC 05/25/10 8:28 AM EQU Credit report flag changed from D to R (upd)
BPC 05/25/10 8:28 AM EQU Updated activity thru 05/17/2010
BPC 05/25/10 9:27 AM Account removed from EQU consideration file
BPC 05/25/10 9:28 AM EQU Not Selected - Flag not Y or D
BPC 05/25/10 9:28 AM Account removed from TU consideration file
BPC 05/25/10 9:28 AM TU Not Selected - Flag not Y or D
BPC 05/25/10 9:28 AM Account removed from XPR consideration file
BPC 05/25/10 9:28 AM XPR Not Selected - Flag not Y or D
```

** END OF REPORT **

0



## West Asset Management

>>>>> Please Call Toll Free 888-662-7547 <<<<<
Office hours are Monday through Friday 8:00am - 9:00pm Central Standard Time

RE:      At&T
Reference #:      ████████8850                    Please mail all correspondence to:
Service Date:      ████████                        3432 Jefferson Ave., Texarkana, AR 71854-2747
Amount Due:      $79.67                            Telephone: 888-662-7547

Dear Rochelle Daniel,

Your account has been turned over to us for collection. Your balance is extremely past due.

You will find that we are reasonable people to deal with. However, you must make the effort to pay off this extremely delinquent account.

Contact our office to make arrangements to pay your obligation. You may call us toll free at 888-662-7547.

Log on to WWW.WESTBILLPAY.COM to pay by credit card or bank account. Your login account number is ████████1549.

Sincerely,

West Asset Management, Inc.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you feel you are or have been a victim of Theft of Identity, please call AT&T at 1-866-718-2011.

CONWEST33611

***Detach Lower Portion and Return with Payment***

ONWEST33                          Account #: ████ 1549
PO Box 1022                       Reference #: ████████8850
Wixom MI 48393-1022               Amount: $79.67
ADDRESS SERVICE REQUESTED

November 16, 2009

████1549        1                 Please mail all payments to:
                                  West Asset Management, Inc.
                                  PO Box 790113
                                  St. Louis, MO 63179-0113

Rochelle Daniel

**Exhibit A-2**